Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

FILED

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

Jacksonville Division

2022 JUL 22 PM 2:08

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

PIETRO PASQUALE ANTONIO SGROMO
(a/k/a PETER ANTHONY SGROMO)

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

JA–RU INC.

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 3:22-cv-797-MMH-LLL

(to be filled in by the Clerk's Office)

## COMPLAINT AND REQUEST FOR INJUNCTION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | PIETRO PASQUALE ANTONIO SGROMO |
   | Street Address | 3–113 MARKS ST. S, |
   | City and County | THUNDER BAY |
   | State and Zip Code | ONTARIO CANADA, P7E 1L8 |
   | Telephone Number | (807) 358–5831 |
   | E-mail Address | pietrosgromo@icloud.com |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | JA–RU INC. |
| Job or Title *(if known)* | c/o RUSSEL SELEVAN, CEO |
| Street Address | 12901 FLAGLER CEBTER BLVD. |
| City and County | JACKSONVILLE, DUVAL COUNTY |
| State and Zip Code | FL 32258 |
| Telephone Number | (904) 733–9311 |
| E-mail Address *(if known)* | selevanrussel@jaru.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question     ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

> The Fourteenth Amendment and Fifth Amendment "require that the courts shall be open to every person with a right to a remedy for injury to . . . property . . . ."
> 35 U.S.C. §282(a)(2012); 35 U.S.C. § 281 (1952); 35 U.S.C. § 261.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* PIETRO P.A. SGROMO , is a citizen of the State of *(name)* COUNTRY OF CANADA .

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,
      and has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____ , is a citizen of

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

---

the State of *(name)* [          ]. Or is a citizen of *(foreign nation)* [          ].

b. If the defendant is a corporation

The defendant, *(name)* JA–RU INC., is incorporated under the laws of the State of *(name)* FLORIDA, and has its principal place of business in the State of *(name)* FLORIDA.

Or is incorporated under the laws of *(foreign nation)* [          ]. and has its principal place of business in *(name)* FLORIDA.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

> The relevant license agreements that were assumed by defendant include a "best–efforts" clause across twenty–three (23) licensed grants. Parties agreed minimum sales of category of $500,000.00, equating to $25,000.00 per product category, resulting in unpaid royalties of $575,000 per year. Additionally Plaintiff seeks patent infringement treble damages for sales beyond license termination of two (2) patented product categories.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

> Sales of licensed products are global but the breach of the license agreements, and unlicensed sales beyond the license terminations occurred in Florida.

B. What date and approximate time did the events giving rise to your claim(s) occur?

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

> January 20, 2020 to present.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On or about September 25, 2008 movant entered into a Non-Disclosure Agreement ("NDA") with original licensee, Imperial Toy LLC ("Imperial"). Under the NDA, Plaintiff confidentially disclosed numerous inventions using various 3–D technologies, including two inventions he had filed patent protection— the "SYSTEM AND METHOD FOR GENERATING A THREE-DIMENSIONAL IMAGE ON A PRE-PRINTED SUBSTRATE" which was granted U.S. Patent No.: 9,069,243 (the "'243 Patent"– filed on March 23, 2009 granted on June 30, 2015) and the "HOLOGRAPHIC BUBBLE GENERATING SYSTEM" which was granted U.S. Patent No.: 8,654,422 (the "'422 Patent"). On or about October 6, 2009 December 14, 2009 parties entered into a royalty agreement (the "3D Agreement") for a total of eighteen (18) licensed grants, including the '243 and '422 Patents.

On or about May 17, 2010, the parties entered into a second license agreement for an additional five (5) licensed grants (the "Cosmic Agreement"). Under the 3-D & Cosmic Agreements "Licensee represents and warrants that it will use its reasonable best efforts to promote, market, advertise, sell and distribute the Licensed Products in the Licensed Territory" and "if Product does not reach through Licensee's sales efforts the following: USD $500,000 WHOLESALE (i.e., at 5% royalty— $25,000.00 in royalties per year per licensed grant)" the Agreements automatically terminate.

Imperial also hired Plaintiff as an individual consultant to help execute the licensed grants as well as to assist in the reduction to practice several of his new inventions including Glow–in–the–Dark ("GITD") Bubbles. Because Plaintiff is a Canadian National residing in California at the time, Imperial successfully petitioned a three–year (to February 2013) Trade North America work permit ["TN Visa"] with the CBP and Dept. Homeland Security. Imperial regularly reported and paid royalties to the February 2013 date but did not renew the Plaintiff's TN Visa. Plaintiff assumed the Agreements simply reached maturity (the lifecycle of toys is at most three (3) years).

While toys have a three–year lifecycle, the inventions are largely resurrected within a seven–year cycle as a new generation of children enter the market. Thus, in early 2017, Plaintiff looked to resurrect the lapsed grants but to his shock and disbelief, Imperial had been commercializing the various inventions under the various agreements without paying royalties. Litigation followed but debtor pleaded the ADR clause in Agreement survived. Appellant served notice of non-payment of royalties and filed arbitration with JAMS as per the ADR. However, . Imperial filed Ch. 11 on or about December 2019. Defendant purchased Imperial and assumed the License Agreements. Appellant opposed. Ja-Ru contacted Appellant prior to hearing assuring Appellant and the Court he would cure the defaults to which Appellant provided details. In fact, Ja-Ru's Russel Selevan provided his guarantee to the Court vis-à-vis his declaration. However, the DIP did not provide an updated cure amount in its motion.

Upon assumption of the 3–D & Cosmic License Agreements Plaintiff served Ja–Ru his "30-DAY NOTICE OF NONPAYMENT OF ROYALTIES UNDER §11(e)(4) OF COSMIC AND 3D LICENSE AGREEMENTS ("LICENSES")" on December 20, 2019. However, Ja-Ru failed to cure the amount and meet and confer in accordance with the ADR clause. And because the "Licensor shall have the right to immediately terminate this Agreement by giving notice to Licensee in the event that Licensee… fails to cure any non-payment of owed royalties within thirty days of receipt of notice from Licensor of such non-payment"— the Agreements "shall" and ultimately did "immediately terminate" on January 17, 2020.

Because "[i]n the event of termination . . . [a]ll rights . . . granted to Licensee, except as otherwise provided . . . shall automatically revert to Licensor which shall be free to exploit same without any further obligation to Licensee of this Agreement" Licensor Wide Eyes Marketing Ltd. ("WEM") assigned all the rights including the right to sue for "all sums due [t]hereunder to Licensor [that] shall be due and payable within sixty (60) days." None of the royalties have been paid and Ja–Ru continues sales of non–licensed patented products— Plaintiff files this action with this Honorable Court for breach of contract and patent infringement of post–license sales.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

> Plaintiff is not seeking to license his patents and copyrights but instead is actively conducting consumer research and developing a new product and trade channel strategy in a post-covid-19 era so that he may commercialize the assets for maximum value. The court should recognize that the principal value of a patent is its statutory right to exclude, and therefore absent the right to exclude competitors from practicing the method covered by the patent, the patent's value would be diminished in a manner that would be difficult to quantify.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

> [1]. An ACCOUNTING of all licensed product sales from March 2013 to date;   [2]. A declaratory ORDER that the Imperial–Ja–Ru Inc. 3D & Cosmic Licenses are non–exclusive Agreements;   [3]. A declaratory ORDER that the 3D & Cosmic License Agreements were terminated as a matter of law and all rights reverted to Plaintiff; [4] Disgorgement of profits for any and all post–license termination sales; [5] Treble damages for any and all '243 & '422 Patent sales (as per settled law); [6] An ORDER that Ja-Ru Inc. shall provide a complete list, including contact names, addresses, email addresses, telephone numbers, facsimile numbers of third parties including but not limited to retailers (whether online or brick & mortar), sales agents, manufacturers agents, sales representatives, sub-licensees, distributors that have offered for sale any of the products that use any of the inventions, copyrights, and intellectual property described herein; [7] Entering a permanent injunction against Ja-Ru Inc. enjoining it, its directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity or in concert or participation with Ja–Ru from communicating, offering and selling Plaintiff's trade secrets, Inventions and Intellectual Property described herein to third parties; and [8] Granting such other and further relief as this Honorable Court may deem just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: July 20, 2022

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: PIETRO PASQUALE ANTONIO SGROMO

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Street Address:
State and Zip Code:
Telephone Number:
E-mail Address: