United States District Court
Middle District of Florida
Jacksonville Division

**PIETRO PASQUALE ANTONIO SGROMO,**

    Plaintiff,

v.     No. 3:22-cv-797-MMH-LLL

**JA-RU INC.,**

    Defendant.

_____

### Report and Recommendation

Plaintiff Pietro Sgromo, proceeding pro se, filed his complaint on July 22, 2022, doc. 1; on the same date, he filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, which I construe as a motion to proceed in forma pauperis. Prior to the Court deciding Sgromo's motion to proceed in forma pauperis, defendant Ja-Ru Inc. (Ja-Ru) executed a waiver of service, doc. 7, and filed "Defendant's Motions to Dismiss and Motion to Deny Waiving Fees, Set Limits on Plaintiff's Future Pleadings and Issue an Order to Show Cause as to why Plaintiff should not be designated a Vexatious Litigant Pursuant to the All Writs Act," doc. 8. In its motion, Ja-Ru requests that 1) Sgromo's complaint be dismissed with prejudice, 2) Sgromo's motion to proceed in forma pauperis be denied as frivolous, and 3) the Court designate him as a vexatious litigant and require Sgromo to submit any proposed

pleadings for review prior to filing. *Id*. at 8-21. Sgromo filed a response in opposition, doc. 13. Sgromo's motion to proceed in forma pauperis, doc. 2, and Ja-Ru's motion, doc. 8, have been referred to me for a report and recommendation regarding the appropriate resolutions. Order, doc. 12. For the reasons discussed below, I respectfully recommend Sgromo's motion to proceed in forma pauperis be granted, Ja-Ru's motion be granted in part, and the complaint be dismissed.

## I.     Plaintiff's Motion to Proceed in Forma Pauperis

In support of his motion to proceed as a pauper, Sgromo attests that his monthly income is $1,292.00, his monthly expenses total $1,270.00, and he has $100.00 in his checking account. Doc. 2 at 2, 5. Thus, I find he has satisfied the financial requirements to proceed in forma pauperis.

Typically, the Court would next consider whether Sgromo's action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief under 28 U.S.C. § 1915(e)(2)(B). But because Ja-Ru executed a waiver of service, doc. 7, and filed its motion, doc. 8, prior to the Court deciding Sgromo's motion to proceed in forma pauperis, doc. 13, I instead consider the merits of the motion to dismiss.[1]

---

[1] As discussed more fully herein, I ultimately recommend that Sgromo's complaint be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). I recommend, therefore, that Ja-Ru's request to deny Sgromo's motion to proceed in forma pauperis, which is made within its motion, doc. 8 at 14-15, be denied.

2

## II. Defendant's Motion to Dismiss

Ja-Ru raises two grounds for dismissing Sgromo's complaint. First, it argues that Sgromo lacks standing to sue because he has no interest in the patents or contracts subject to this lawsuit. Second, Ja-Ru argues that Sgromo's claims are barred by the doctrines of collateral estoppel and res judicata. Doc. 8 at 8-14. Ja-Ru also asserts, generally, that Sgromo fails to state a claim on which relief can be granted. *Id.* at 7. Ja-Ru does not cite the basis under the Federal Rules of Civil Procedure for which it moves for dismissal, *see id.* at 8-14. Thus, I construe its argument regarding lack of standing as a jurisdictional argument—that Sgromo lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)—and its arguments regarding the doctrines of collateral estoppel and res judicata and failure to state a claim on which relief can be granted as brought under Rule 12(b)(6).

### a. Background

Initially, I note this case involves several entities, some of which are parties to this lawsuit and some which are not. Sgromo's complaint involves claims for patent infringement and breach of contract. Doc. 1 at 6. Sgromo was the inventor of the patents at issue, detailed below, as well as the president of an entity known as Wide Eyes Marketing Ltd. (Wide Eyes),[2] *see* doc. 13-1 at 70. Wide Eyes entered into at least one agreement regarding the patents at issue with another entity, Imperial Toy, LLC (Imperial), *see id.* at 60-70, 89-100. Imperial filed for bankruptcy in 2019 and was then

---

[2] Although Sgromo identified himself as the "President" of Wide Eyes in 2009 and 2010, doc. 13-1 at 70, 100, it is unclear if Wide Eyes is still in existence and if so, his current role, if any.

purchased by defendant Ja-Ru. Doc. 13-2 at 106. Imperial and Wide Eyes are not parties to this lawsuit.

In his complaint, Sgromo checks the boxes for both "federal question" and "diversity of citizenship" as his bases for invoking the Court's jurisdiction. Doc. 1 at 3. Sgromo cites a portion of the Patent Act, 35 U.S.C. § 281, which states "[a] patentee shall have remedy by civil action for the infringement of his patent," as the basis for the Court's federal question jurisdiction. *Id.* Sgromo also cites section 261, which outlines the principles for ownership and assignment of patents, and section 282, which presumes patent validity and discusses various defenses to a claim for patent infringement. *Id.*

I presume Sgromo intends to invoke the Court's diversity jurisdiction for the alleged breach of contract by Ja-Ru. *Id.* at 6. Sgromo is citizen of Canada and Ja-Ru is incorporated under the laws of Florida; Sgromo asserts that Ja-Ru owes unpaid royalties of at least $575,000. *Id.* at 3-4.

The facts in Sgromo's complaint are difficult to follow. To the extent discernable, he alleges the following. In September 2008, Sgromo entered into a non-disclosure agreement with Imperial, characterized by Sgromo as the "original licensee." *Id.* at 6. Under this agreement, Sgromo disclosed information regarding two inventions: 1) a "system and method for generating a three-dimensional image on a pre-printed substrate," eventually granted patent no. 9,069,243 on June 30, 2015 (243 patent), and 2) a "holographic bubble generating system," eventually granted patent

no. 8,654,422 on February 18, 2014[3] (422 patent). *Id*. On October 6, 2009, and/or December 14, 2009,[4] Sgromo claims the "parties" entered into a royalty agreement involving the 243 and 422 patents, which he refers to as the "3D agreement." *Id*. On May 17, 2010, the parties entered into a second licensing agreement, the "Cosmic agreement." *Id*. Sgromo does not say in the complaint if the second agreement involved the patents at issue. *See id*. Although it is somewhat unclear in the complaint who entered into these agreements with Imperial, Sgromo refers to the "licensor" as Wide Eyes, rather than himself. *Id*. Sgromo provided no attachments with his complaint, but later filed the agreements with his response to defendant's motion, doc. 13-1 at 60-70, 89-100; these confirm the parties to the agreements were Wide Eyes and Imperial. Although Sgromo signed as the "President/Inventor," of Wide Eyes, the plain language of the agreements states they were made "by and between Wide Eyes . . . ("Licensor") and Imperial Toys . . . ("Licensee"). *Id*. at 60, 89.

Sgromo alleges that under the 3D and Cosmic agreements, Imperial agreed to use its best efforts to promote, market, advertise, sell, and distribute the "licensed products," and that if the product did not generate a specific amount of profit and royalties, the agreements would automatically terminate. Doc. 1 at 6. Sgromo further alleges that, separate and apart from the agreements, Imperial hired him as a

---

[3] Sgromo does not specify in his complaint when the 422 patent was granted, however, his subsequent filings indicate it was granted on February 18, 2014. Doc. 13-1 at 54.

[4] Sgromo lists both dates in his complaint, however, it is unclear if this was a typographical error or if the agreement was reached during the time period between those dates. Doc. 1 at 6.

consultant. *Id*. Until February 2013, Imperial "regularly reported and paid royalties[.]" *Id*. In early 2017, Sgromo "looked to resurrect the lapsed grants" because he became aware that Imperial was commercializing the various inventions without paying royalties. *Id*. Sgromo alleges that "[l]itigation followed," but does not provide the nature of the litigation. Sgromo attempted arbitration but alleges this was foreclosed when Imperial filed Chapter 11 bankruptcy in 2019. *Id*. Subsequently, Ja-Ru purchased Imperial and "assumed the License agreements." *Id*. According to Sgromo, "[u]pon assumption of the 3-D and Cosmic License agreements," he served Ja-Ru with a notice of non-payment of royalties; Ja-Ru, however, failed to issue him backpay. *Id*.

Significantly, and not stated in the complaint, Sgromo's later filings show that assignments of patents 243 and 422 were executed on October 7, 2010, which assigned all of his rights in the patents to Imperial. Doc. 13-2 at 77-78, 86-87.

### b.     Plaintiff Lacks Standing

I first address Ja-Ru's argument that Sgromo lacks standing to bring this lawsuit. Before evaluating the merits, a court must first find it has jurisdiction over the action, including the parties to the action. *Douglas v. United States*, 814 F.3d 1268, 1280-81 (11th Cir. 2016) (Tjoflat, J., concurring). This is necessary because "[f]ederal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If at any time a court determines it lacks subject matter jurisdiction, the action must be dismissed. *Douglas*, 814 F.3d at 1280-81 (citation

omitted). Standing is a "threshold jurisdictional question" originating from the requirement in Article III of the Constitution that "the jurisdiction of the federal courts be limited to actual cases and controversies." *Fla. Fam. Pol'y Council v. Freeman*, 561 F.3d 1246, 1253 (11th Cir. 2009) (quotation omitted). Thus, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam) (citations omitted).

In the context of patent cases, standing is derived from the Patent Act; section 281 states that "[a] patentee shall have remedy by civil action for infringement of his patent." A "patentee" is defined as the party to whom the patent was issued and the "successors in title to the patentee." 35 U.S.C. § 100(d). Standing to sue must be present at the time the suit is brought and "[t]he party bringing the action bears the burden of establishing that it has standing." *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) (citation omitted). "To invoke the jurisdiction of a federal court under [28 U.S.C] § 1338, it is necessary that [a] plaintiff allege facts that demonstrate that he, and not the defendant, owns the patent rights on which the infringement suit is premised." *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1571-72 (Fed. Cir. 1997). Moreover, "this allegation of ownership must have a plausible foundation" and "[f]ederal jurisdiction cannot lie based on allegations that are frivolous or insubstantial." *Id*. at 1572. (citation omitted). "Thus, if [a] plaintiff cannot in good faith allege such facts because, absent judicial intervention to change the situation, under the terms of a contract or deed of assignment the rights at issue

7

are held by the defendant, federal court is not the place to seek that initial judicial intervention." *Id.*

In analyzing Ja-Ru's motion, I recognize that, while Federal Circuit precedent applies to patent law issues, the law of the Eleventh Circuit otherwise applies. *Athena Diagnostics v. Mayo Collaborative Servs., LLC*, 915 F.3d 743, 749 (Fed. Cir. 2019) (citation omitted). "A Rule 12(b)(1) motion can be based upon either a facial challenge to the complaint itself or a factual challenge that looks beyond the complaint to evidence concerning jurisdiction. *Butler v. Morgan*, 562 F. App'x 832, 835 (11th Cir. 2014) (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)).

In its motion, Ja-Ru asserts that Sgromo lacks standing to bring a claim for patent infringement because he does not own the patents at issue. Doc. 8 at 8-11. Rather, Ja-Ru argues it owns the patents, pointing to a patent assignment executed on December 18, 2019, from Peter Tiger, Chief Executive Officer of Imperial, purporting to assign several patents to Ja-Ru, including the 243 and 422 patents. *Id.* at 9; doc. 8-2 at 2-4. Ja-Ru argues Sgromo is unable to cure the standing issue and thus, the case should be dismissed with prejudice. Doc. 8 at 9. Because Ja-Ru's request is based on evidence outside of Sgromo's complaint, I construe its motion as a factual challenge.[5]

---

[5] Although Ja-Ru provides no authority for the court's ability to review this outside evidence at the motion to dismiss stage without converting to a motion for summary judgment, courts may consider a document if it is (1) central to the plaintiff's claim and (2) undisputed, *i.e.*, the authenticity of the document is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

8

After review of Sgromo's complaint, doc. 1, and his response to Ja-Ru's motion to dismiss, doc. 13, and its attachments, I find that Sgromo fails to sufficiently allege standing for his patent infringement claim.

In his complaint, Sgromo does not address how he qualifies as the "patentee" for the patents at issue, which is required to bring a claim for infringement. *See generally* doc. 1. He vaguely asserts that Imperial was the "original licensee" and that Ja-Ru subsequently "purchased Imperial"—and all of its license agreements—in a bankruptcy proceeding. *Id*. at 6. But it is not clear from the facts as alleged in Sgromo's complaint what person or entity owned the patents at the time he filed this suit. *See Alps South, LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1385 (Fed. Cir. 2015) ("The party asserting patent infringement is required to have legal title to the patents on the day it filed the complaint[.]" (internal quotation marks and citation omitted)).

Although Sgromo provides no attachments to his complaint, he attached the patents at issue to his response to Ja-Ru's motion, doc. 13-1 at 43-49 (243 patent dated June 30, 2015) and 54-58 (422 patent dated February 18, 2014). The patents show Sgromo as the inventor and Imperial as the assignee. *Id*. at 43, 54. Additionally, and as noted above, Sgromo submitted with his response two patent assignments dated October 7, 2010, doc. 13-2 at 77-78 (holographic bubble generating system) and at 86-87 (system and method for generating three-dimensional image on a pre-printed lined substrate), which state that Sgromo "sold, assigned, transferred[,] and set over" the "entire right, title[,] and interest in" the inventions at issue. *Id*. at 78, 87. Thus,

Sgromo's submissions,[6] show he is not the "patentee" at the time of this action and lacks standing to bring an action for infringement. *See Jim Arnold*, 109 F.3d at 1571-72. Because Sgromo fails to establish he has standing to bring a claim for patent infringement, I recommend his complaint be dismissed without prejudice. *See H.R. Techs, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed. Cir. 2002) ("Because lack of standing is not an issue that goes to the merits of the underlying patent issues, a dismissal of a complaint for lack of standing would not normally be expected to be made with prejudice."); *Stalley*, 524 F.3d at 1232 ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (citation omitted)).

### c. Plaintiff Fails to State a Claim on Which Relief Can be Granted

I now turn to Sgromo's claim for breach of contract. As noted above, I construe Ja-Ru's argument that Sgromo fails to state a claim on which relief can be granted as brought under Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has explained this requires that "a complaint . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[6] I consider these extrinsic documents in analyzing Ja-Ru's motion to dismiss because 1) the patents at issue are central to Sgromo's claim for infringement, 2) he refers to the patents in his complaint, doc. 1 at 6, and in his response, doc. 13 at 7, and 3) he submitted copies of the patents at issue, doc. 13-1 at 43-49, 54-58. Further, Ja-Ru does not dispute the authenticity of the documents, *see generally* doc. 8. *See Day*, 400 F.3d at 1276 (citing *Horsley*, 304 F.3d at 1134).

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a Rule 12(b)(6) motion, a district court should construe the complaint broadly and view the allegations in the light most favorable to the plaintiff. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006).

Assuming Sgromo's intent is to invoke the Court's diversity jurisdiction for his breach of contract claim, I consider that "[i]n determining which law applies, a federal district court sitting in diversity must apply the choice of law rules of the forum state." *Clanton v. Inter.Net Global, L.L.C.*, 435 F.3d 1319, 1323 (11th Cir. 2006) (citation omitted). To establish a claim for breach of contract, "Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from that breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008)).

The complaint is unclear as to what agreement has been allegedly breached and whether Sgromo was even a party to any of the agreements involving the patents at issue. Construing his complaint liberally, as I am required to do at this stage, it appears that Sgromo references three agreements that could be the basis of an alleged breach of contract claim: the non-disclosure agreement, the 3-D agreement, and the Cosmic agreement. Doc. 1 at 6. Sgromo seems to allege that Ja-Ru assumed and breached both "license agreements," presumably referring to the 3-D and Cosmic agreements, *see id.*;

11

however, they were made between Wide Eyes and Imperial, and did not include Sgromo. Doc. 13-1 at 60, 89. Confusingly, Sgromo then concedes in his response to Ja-Ru's motion that Ja-Ru "did not assume the Wide Eyes Marketing Ltd. License Agreements," presumably referring to the 3D and Cosmic agreements, and that he as an individual "was not a party to [them]." Doc. 13 at 6. Because Sgromo admits that the agreements weren't assumed by Ja-Ru and, moreover, that he wasn't a party to either of the agreements, the Court cannot find that he properly alleges a claim for breach of contract.

I note that, in his response to Ja-Ru's motion, Sgromo appears to suggest that the non-disclosure agreement he entered into with Imperial in 2008 forms the basis for his breach of contract claim.[7] However, this does not align with the allegations in the complaint, as Sgromo only references the non-disclosure agreement once and provides no discernable factual basis for how it was breached. *See* doc. 1 at 6. Further, any legal authority of the non-disclosure agreement appears no longer relevant because Sgromo assigned his rights in the patents to Imperial. *See* doc. 13-1 at 18 (non-disclosure agreement dated September 2008); 13-2 at 77-78, 86-87 (patent assignments dated October 2010).

Because Sgromo's complaint fails to sufficiently allege what agreement was breached, who the parties were to the relevant agreement, and because his later filings

---

[7] In his response, doc. 13 at 6, 10, Sgromo agrees that he is not a party to the Wide Eyes license agreements and Ja-Ru did not assume those agreements, but then points out that Ja-Ru did assume the non-disclosure agreement, to which he is a signatory.

concede he was not a party to the two of the agreements discussed in the complaint, I recommend his claim for breach of contract be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### d. Collateral Estoppel and Res Judicata

Ja-Ru alternatively asserts that Sgromo's complaint should be dismissed based on the doctrines of collateral estoppel and res judicata. Doc. 8 at 11-14. Ja-Ru generally argues that collateral estoppel bars Sgromo from arguing he is the owner of the patents at issue or that he has any interest in the "Wide Eyes License Agreement he alleges has been breached by [defendant],"[8] *id*. at 12. It next contends that res judicata bars plaintiff from bringing an action based on a breach of the "Wide Eyes License Agreement." *Id*. at 14.

Because I find Sgromo failed to establish standing to bring a claim for patent infringement and there is no discernable factual basis for his breach of contract claim, I do not reach the merits of these arguments. I do observe, however, that Ja-Ru does not explain how the defenses of collateral estoppel and res judicata can be ascertained from the face of plaintiff's complaint, which would allow the Court to analyze the merits of its arguments at the motion to dismiss stage without converting it to a motion for summary judgment. *Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015) (per curiam) ("Although *res judicata* is not a defense under Rule 12(b), and generally should be raised as an affirmative defense under Rule 8(c), Fed. R. Civ.

---

[8] Although Ja-Ru does not specify, I presume it refers to either the 3D or the Cosmic agreement, to which Wide Eyes was a party.

13

P., it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint." (emphasis in original) (citation omitted)). Further, Ja-Ru's assertion that res judicata bars litigation of the Wide Eyes license agreement, doc. 8 at 12-13, appears moot given Sgromo's concession in his response to Ja-Ru's motion that he is not a party to those agreements and Ja-Ru did not assume them. Doc. 13 at 6.

### III. Defendant's Request to Designate Plaintiff a Vexatious Litigant

Finally, Ja-Ru requests that the Court declare Sgromo to be a vexatious litigant and issue an order requiring him to seek permission to file any further actions or pleadings "in any Court in the United States involving the [patents at issue] and the Wide Eyes License Agreement." Doc. 8 at 15-21. In support, Ja-Ru repeats its argument that Sgromo's claims are frivolous and generally references other lawsuits Sgromo has filed, pointing to a document it provides which contains a list of case numbers, doc. 8-4 at 2, some of which are relevant to the issues in this case and some of which are not. Aside from that document, Ja-Ru attaches one order from the Eastern District of Texas related to the patents at issue in this case, doc. 8-5. Ja-Ru also filed a notice of supplemental authority regarding its vexatious litigant claim, doc. 24, in which it lists other cases in which Sgromo has been declared a vexatious litigant. Two of the cases are from Canadian courts, docs. 24-1 and 24-2, and the third is a case from California (in which Ja-Ru merely filed the copy of the 26-page docket sheet, doc. 24-3). While I agree Sgromo fails to establish standing and thus, subject matter jurisdiction regarding the patent infringement claim and fails to state a claim for breach

14

of contract on which relief can be granted, I find there is insufficient information to require a pre-filing injunction or designation of vexatious litigant at this juncture. Thus, I recommend Ja-Ru's request be denied.

## Recommendation[9]

I respectfully **recommend**:

1. Sgromo's motion to proceed in forma pauperis, doc. 2, be **granted;**

2. Ja-Ru's Motions to Dismiss and Motion to Deny Waiving Fees, Set Limits on Plaintiff's Future Pleadings and Issue an Order to Show Cause as to Why Plaintiff Should Not Be Designated a Vexatious Litigant Pursuant to the All Writs Act, doc. 8, be **granted in part and denied in part**, and the complaint **dismissed without prejudice**:

   a. Ja-Ru's construed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) be **granted** as to Sgromo's claim for patent infringement;

---

[9] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

  b. Ja-Ru's construed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) be **granted** as to Sgromo's claim for breach of contract;

  c. Ja-Ru's request that Sgromo be declared a vexatious litigant and require a pre-filing injunction be **denied**.

**Entered** in Jacksonville, Florida, on February 6, 2023.

*[signature]*

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c.
The Honorable Marcia Morales Howard, United States District Judge
Pietro Pasquale Antonio Sgromo, pro se
 3-113 Marks St. S.
 Thunder Bay
 Ontario, Canada, P7E 1L8
Frederick Dyer Page, Esquire
Lewis Anten, Esquire
Ivy Mara Choderker, Esquire